EL PUEBLO DE PUERTO RICO, REPRESENTADO POR EL COMISIONADO DEL INTERIOR, ORLANDO R. MÉNDEZ, demandante, apelado y apelante, *v.* RAMONA MUÑOZ VDA. DE ALONSO, demandada, apelante y apelada.

Núm. 9620.—*Sometido:* Junio 2, 1948. *Resuelto:* Julio 8, 1948.

*Hon. Procurador General Luis Negrón Fernández y Nilita Vientós Gastón y F. Navarro Mendía, Procuradores Generales Auxiliares,* abogados del demandante apelante; *Víctor Gutiérrez Franqui y Carlos A. Vallecillo,* abogados de la demandada apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Es ésta una acción sobre expropiación forzosa iniciada por El Pueblo de Puerto Rico, representado por el Comisionado del Interior, en contra de doña Ramona Muñoz Vda. de Alonso con el fin de adquirir una parcela de terreno de mil quinientos metros cuadrados y dos casas situadas en la prolongación de la calle Degetau de Bayamón para dedicarlas a la construcción de un cuartel para la Policía Insular.

El demandante consignó en la corte la suma de $9,500 como compensación justa y razonable de las propiedades, o sea $7,500 por el solar de mil quinientos metros y $1,200 y $800 por las dos casas, dictándose a petición suya la orden correspondiente investiendo el título sobre la propiedad en El Pueblo de Puerto Rico. La controversia en el pleito quedó limitada a la justa y razonable compensación de las propiedades, alegando la demandada que el solar de mil quinientos metros valía $22,500 y las casas $3,000 y $2,000, respectivamente, o sea un total de $27,500.

Después de celebrado el juicio en sus méritos la corte inferior dictó sentencia declarando que el solar de mil quinientos metros tiene un valor de $15,000 y las casas de $2,000 y $1,500 respectivamente, o sea condenó al demandante a pagar a la demandada, en total $18,500, de los cuales, como ya se habían consignado $9,500, tendría que satisfacer $9,000, más intereses al seis por ciento anual desde la interposición de la demanda.

Ambas partes apelaron de la sentencia pero la demandada apelante radicó moción en esta Corte solicitando permiso para desistir de su recurso, y así se ordenó el 29 de noviembre de 1947.

El único error señalado por el demandante en su alegato es el a su juicio cometido por la corte inferior en la apreciación de la prueba al fijar la compensación antes mencionada.

Sostiene el apelante, 1º que la demandada no presentó prueba en cuanto a la valoración del solar, ya que los peritos, Héctor J. Semidey y Víctor E. Laugier, ingenieros civiles, se limitaron a declarar sobre el valor de las dos casas y los únicos testimonios en cuanto al solar fué el del administrador de la demandada, Ramón Muñoz Alonso, que debe ser "mirado con cautela" y el del abogado José R. Fournier, que fué contradicho; 2º que la valoración dada a las dos casas es exagerada, y 3º que el testimonio de sus peritos, Pedro Costa Coll, ingeniero mecánico, y Luis González, arquitecto, y la prueba documental que presentó, demuestran que el valor razonable de las propiedades es el de los $9,500 consignados.

Convenimos con el apelante en que los peritos ingenieros, Semidey y Laugier, solamente declararon en cuanto al valor de las casas en el mercado sin referirse a la valoración del solar de mil quinientos metros. El primero declaró que las casas valían $3,030 y $2,400, respectivamente, y el segundo las valoró en de $3,300 a $3,500 una y de $2,500 a $2,600 la otra. Por su parte los peritos del demandante valoraron las casas en $1,200 y $800. La corte a quo, como hemos dicho, llegó a la conclusión de que el valor razonable de las casas era el de $2,000 y $1,500, respectivamente. La prueba fué contradictoria. El juez practicó una inspección ocular de las casas e hizo constar, en detalle, su estado. Vió y oyó declarar a los peritos y estimó que el valor que unos y otros daban a las casas no era su justo y razonable y lo fijó en cantidades que no consideramos exageradas.

En cuanto a la valoración del solar a razón de $10 el metro cuadrado que hizo la corte, no es correcto afirmar que la demandada no presentó prueba que la justificara. Si bien los peritos Semidey y Laugier se limitaron a declarar en cuanto al valor de las casas, el testigo de la demandada, Ramón Muñoz Alonso, declaró que el valor justo y razonable

del solar era el de $15 el metro cuadrado, y el otro testigo de la demandada, el Lic. Fournier, declaró que además de ejercer su profesión, se dedica a la compraventa de solares y casas en Bayamón y que en la zona urbana, cerca de la Plaza, se está vendiendo el metro de $12 a $15. Por su parte, el único testigo del demandante que declaró en cuanto al valor del solar fué el perito Pedro Costa, quien lo tasó a un precio de $5 el metro cuadrado. Presentó, además, el demandante prueba documental para demostrar el precio a que se habían vendido otras propiedades similares a la de la demandada en fechas recientes. Esta prueba documental demuestra lo siguiente:

Exhibit 1: que una casa de maderas, terrera, techada de zinc, con balcón y verja de concreto, en un solar de 218.332 metros cuadrados, se vendió el 3 de agosto de 1945, en $4,000.

Exhibit 2: que una casa de maderas, terrera, techada de zinc, con un solar de 328 metros cuadrados, se vendió el 26 de agosto de 1946, en $6,000.

Exhibit 3: que una casa de concreto armado y techo de zinc, con dos apartamientos y un ranchón de maderas, con un solar de 556.80 metros cuadrados, se vendió el 30 de junio de 1946, en $8,000.

Si comparamos el precio en que se vendieron las dos propiedades descritas en los exhibits 1 y 2, supra, con el fijado por la corte en este caso a razón de diez dólares el metro cuadrado, veremos que en la primera el solar valdría $2,183.32 y la casa $1,817 y en la segunda, $3,280 el solar y $2,740 la casa, o sea, más o menos la misma proporción en el valor dado por la corte al solar y a las casas objeto de expropiación en el presente caso. En cuanto a la propiedad descrita en el exhibit 3, es más difícil hacer una comparación debido al hecho de que la casa es de concreto armado y además existía un ranchón de maderas.

La prueba demostró que la propiedad de la demandada está en la zona urbana de Bayamón, cerca de la plaza, que, contrario a lo expuesto por testigos del demandante, es un

sitio no sólo residencial sino comercial también,[1] ya que la corte hizo constar en el acta de la inspección ocular que a la derecha de la casa número dos hay un establecimiento comercial y que dicha casa "está próxima a una esquina en donde hay casas comerciales en cada una de sus esquinas".

Como sucede siempre en estos casos de expropiación forzosa, entre la valoración dada a la propiedad por una y otra parte existe una desproporción marcada. Mientras el demandante consignó $9,500 como compensación justa y razonable, la demandada exigía $27,500. La corte inferior después de apreciar la prueba y como resultado de la inspección ocular, la justipreció en $18,500. El demandante no nos ha convencido de que al así hacerlo cometiera manifiesto error y, en su consecuencia, y vistos los casos de *Autoridad Sobre Hogares* v. *Hutton*, 60 D.P.R. 463 y *Pueblo* v. *Parkhurst Canning Co.*, 64 D.P.R. 568 y la Regla 52 de las Reglas de Enjuiciamiento Civil, *debe confirmarse la sentencia apelada*.

El Juez Asociado Sr. De Jesús no intervino.

---

[1] Véase la cita del caso de *Olson* v. *U. S.*, 292 U .S. 246, 255, que hicimos a las páginas 509 y 510, en el de *Pueblo* v. *García*, 66 D.P.R. 504.